mitted in the charge. Pierson v. State, 78 Tex. Cr. R. 275, 180 S. W. 1080; Felts v. State, 53 Tex. Cr. R. 48, 108 S. W. 654; Childers v. State, 37 Tex. Cr. R. 392, 35 S. W. 654."

It is apparent that appellant appropriated turkeys which the state says were stolen by him. His possession of recently stolen property would be a circumstance usable against him in a charge for having stolen the turkeys, but it would be only a circumstance. Whether the wings were painted or not, no witness saw turkeys in the possession of appellant or at any time after they were sold and swore they were Carey's turkeys. The fact that they were such was purely a matter of inference or presumption from the facts. Carey lost turkeys about this time which he says he painted, and the state witnesses who bought the turkeys from appellant said they observed paint on them. The number and locality of the turkeys might also be used as supporting a presumption of guilt. The fact that circumstances may strongly point to one accused of crime does not relieve the court of the duty of charging the law of circumstantial evidence in a case where the question of guilt is an inference or presumption deducible from circumstances in evidence as in the case before us.

For the error of the court in declining to charge on circumstantial evidence, the judgment will be reversed, and the cause remanded.

## WILLIAMS v. STATE.
### No. 17362.

Court of Criminal Appeals of Texas.
Nov. 28, 1934.

Lane & Lane, of Marshall, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The conviction is for the unlawful possession of intoxicating liquor for the purpose of sale; penalty assessed at confinement in the penitentiary for five years.

It has been made known to this court by proper affidavit that appellant died October 7, 1934, after having perfected his appeal. The death of the appellant deprives this court of jurisdiction of the appeal. It is therefore dismissed.